I believe the State violated the principles of Batson v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and its progeny; therefore, I must dissent.
Michael Anthony Sockwell was convicted of the murder of Isaiah Harris, made capital because it was committed for pecuniary gain or for valuable consideration, or pursuant to a contract for hire. § 13A-5-40(7), Ala. Code 1975. The jury recommended life imprisonment without the possibility of parole, by a seven-to-five vote. The trial judge considered the recommendation; however, he sentenced Sockwell to death, after weighing the aggravating and mitigating circumstances.
The determinate issue is whether the district attorney exercised her peremptory challenges in a racially discriminatory manner in violation of Batson.
There were 42 persons on the qualified venire. Ten of those 42 were black. The State had 15 peremptory challenges, and it used 8 of them to strike blacks from the jury.
Sockwell's counsel timely made a Batson motion. The trial court did not make a finding as to whether there was a prima facie case of racial discrimination. Nevertheless, the trial court required the prosecutor to give reasons for her peremptory challenges. The district attorney testified as follows with regard to prospective juror E.D.:
 "We then struck number 112, [E.D.,] who was a black male, according to our records 23 years old. He was extremely vague to the Court's questions about what he had heard. You might remember he said 'Well, I just heard a little something,' and he kept — well, what did you hear? Where did you hear it? He said, 'Well, in the paper or something.' The Court then asked him again. He was unclear and then finally he said, 'Well, some people were talking about it. I never really read the paper.' He could not remember what he heard. He said that he could go either way but he was not pro death penalty and personal observations of the attorneys [sic]."
(R.T. 407.)
The trial court then allowed Sockwell's counsel to question the prosecutor with regard to her peremptory challenges:
 "[Sockwell's counsel:] Your reasons again for striking [E.D.]?
"[Prosecutor:] You want me to repeat them?
"[Counsel:] Yes, ma'am.
 "[Prosecutor:] Okay, [E.D.], according to my notes is a black male, approximately 23 years of age, which would put him very close to the same race, sex, and age of the defendant. He had said to the Court he had heard a little something. The Court *Page 43 
questioned him further and he finally said 'Well, I heard it from the paper, or something.' The Court questioned him further. He was very vague and unclear in his answer. The Court asked him more about it and he said, 'Well, some people were talking about it. I didn't actually read it.' He could not remember what had been said for anything about — anything further about those. His answers to the death penalty did not give me a lot of clues either way as to how he felt. In fact, I think the words he used were 'I could go either way.' "
(R.T. 427) (emphasis added.)
Sockwell's counsel then questioned the prosecutor further with regard to E.D. Subsequently, counsel stated that the prosecutor had not given satisfactory race-neutral reasons for striking E.D. and moved to quash the venire. The trial court denied the motion.
The Court of Criminal Appeals held that the simple fact that the prosecutor mentioned race in her rendition of reasons for exercising her strikes does not, as a matter of law, establish purposeful discrimination. The court held that the prosecutor's belief that E.D. was vague in his response as to what information he knew about the case and where he had received the information was a sufficiently race-neutral reason for striking E.D.
I disagree with the Court of Criminal Appeals. I would grant Sockwell a new trial based on what I consider to be an unconstitutional use of peremptory challenges.
Under Batson and its progeny, once the party objecting to a peremptory challenge makes out a prima facie case of racial discrimination, the burden shifts to the party striking to give a race-neutral explanation for the strike. The second step of the process does not demand an explanation that is "persuasive, or even plausible. 'At this [second] step of the inquiry, the issue is the facial validity of the prosecutor's explanation.Unless a discriminatory intent is inherent in the prosecutor'sexplanation, the reason offered will be deemed race neutral.' "Purkett v. Elem, ___ U.S. ___, ___, 115 S.Ct. 1769, 1771,131 L.Ed.2d 834 (1995), quoting Hernandez v. New York,500 U.S. 352, 360, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991) (emphasis added). If a race-neutral explanation is given, the trial court then proceeds to the third step, wherein it must decide whether the party objecting to the strike has shown purposeful discrimination. Purkett.
The prosecutor stated that she struck E.D. because he was vague in his response as to pretrial publicity and imposition of the death penalty. Striking a juror who may have gained pretrial publicity about the case to be tried can be a race-neutral reason for a strike. Shelton v. State,521 So.2d 1035 (Ala.Crim.App.), cert. denied, 521 So.2d 1038
(Ala. 1988). Also, striking a juror who is vague regarding his or her ability to impose or recommend the death penalty can be racially neutral on its face. Stephens v. State, 580 So.2d 11
(Ala.Crim.App. 1990), affirmed, 580 So.2d 26 (Ala.), cert. denied, 502 U.S. 859, 112 S.Ct. 176, 116 L.Ed.2d 138 (1991).
When cross-examined, the first thing the prosecutor stated was that one of her reasons for striking E.D. was that he is of the same race as the defendant. The prosecutor's reasons failed to satisfy the burden in step 2 of articulating a nondiscriminatory reason for the strike. Accordingly, there is no reason to proceed to step 3. The prosecutor's blatant comparison of E.D.'s race with that of the defendant as a reason for peremptorily challenging E.D. violates the very premise of Batson, which held that under the law a person's race is unrelated to his or her fitness as a juror.
E.D.'s race was not "incidentally mentioned" by the prosecutor in her rendition of the reasons for exercising the State's peremptory challenges. Cf. Owens v. State, 531 So.2d 22
(Ala.Crim.App. 1987). Rather, the crux of the prosecutor's reason was that the juror's race influenced her decision to strike him from the jury. Notably, the prosecutor mentioned age and sex at the same time she mentioned race. However, no veniremember was questioned as to any age-based biases, and the prosecutor did not strike any white males of a similar age. Additionally, gender-based strikes are no longer permissible. See J.E.B. v. Alabama, 511 U.S. 127, *Page 44 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). Even though J.E.B. had not been decided when the Court of Criminal Appeals issued its opinion in this case, the court noted that the prosecutor had failed to show that gender was relevant to the case and, therefore, found that gender was not an appropriate basis for striking E.D.
Regardless of whether some of the prosecutor's other reasons for striking E.D. may have been plausible and nondiscriminatory, this Court cannot permit "moderate" discrimination based on race. The harm from racial bias in jury selection is that it discriminates against the excluded juror and undermines public confidence in the legal system.Batson, 476 U.S. at 87, 106 S.Ct. at 1718. The color of a person's skin, as a party might think it relates to the person's fitness to serve on a jury, cannot be the basis for a peremptory strike, and it cannot be part of the basis for a peremptory strike. Even moderate discrimination based on race violates the equal protection guarantees provided by the Alabama constitution and the United States Constitution. Applying Purkett, I conclude that the prosecutor's remarks made as she was examined regarding the basis for peremptorily striking veniremember E.D. reflect an inherently discriminatory intent and cannot be deemed race neutral.
Based on the foregoing, I believe the trial court clearly erred in denying Sockwell's Batson motion. I would reverse the judgment of the Court of Criminal Appeals.
HOOPER, C.J., and COOK, J., concur.